IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-56-SRW |
| | ) |
| WARDEN JOHN CROW, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This case was initiated by plaintiff Antonio Hardy against defendants Warden John Crow, Lt. J. Sewell, and Correctional Officer Clark. It arises out of alleged violations of plaintiff's constitutional rights while he was housed as an inmate at the Staton Correctional Institute (Staton), a prison located in Elmore County, Alabama, and maintained by the Alabama Department of Corrections (ADOC). (Doc. 1). Before the court are the following motions: defendants' motion to stay discovery pending resolution of the dispositive immunity issue (Doc. 28); defendants' motion for judgment on the pleadings (Doc. 29), plaintiff's motion for leave to amend complaint or, in the alternative, to strike (Doc. 30); plaintiff's motion for leave to amend complaint or, in the alternative, to strike (Doc. 31); defendants' motion to clarify and oppose amended complaint (Doc. 32); and defendants' unopposed motion to extend deadline to file dispositive motions (Doc. 34). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 1983.

**I.    Procedural and Factual Background**

In October 2016, plaintiff, who was housed in the D2 dorm at Staton, was having conflicts with several inmates in the dorm. (Doc. 1, ¶ 9). In the early morning hours of November 2, 2016, plaintiff was assaulted by several inmates; he was stabbed numerous times and suffered a collapsed lung. *Id.* ¶ 11. Plaintiff alleges that defendants Crow and Sewell were deliberately indifferent to the danger posed to him by failing to protect him despite being apprised of his fears of attack. *Id.* ¶ 14. He alleges that defendant Clark was assigned to watch his dorm at the time the assault occurred, but Clark was deliberately indifferent to the known dangers of prison life when he failed to perform his duties properly. *Id.* ¶¶ 12, 19.

Plaintiff filed his complaint against defendants on January 29, 2018. (Doc. 1). Defendants answered on April 30, 2018, denying plaintiff's allegations and raising the defense of immunity, among other defenses. (Doc. 9). In May 2018 the parties consented to Magistrate Judge jurisdiction. S*ee* Docs. 17, 18. On June 22, 2018, the court entered a uniform scheduling order.[1] (Doc. 24). The scheduling order provided for an August 28, 2018, deadline for the amendment of pleadings. *See id.* at 2, section 4. The order included discovery and dispositive motion deadlines of March 26 and April 25, 2019, respectively. *Id.* at 2, sections 2, 7. Plaintiff served defendants with discovery requests on June 22, 2018, to which defendants objected and which they have not answered. *See* Doc. 28, ¶ 2.

According to plaintiff, defense counsel indicated in early September that she intended to file a motion to dismiss and request that the court stay discovery pending

---

[1] The scheduling order was entered by the Honorable Charles S. Coody. (Doc. 24). In August 2018, the case was reassigned to the undersigned Magistrate Judge. (Doc. 27).

resolution of the immunity issue. (Doc. 30, ¶ 3). In early October, after no motion had been filed by defendants, counsel for plaintiff asked defendants to respond to the outstanding discovery, to which defendants previously had only asserted objections. On October 19, 2018, defendants moved to stay discovery. (Doc. 28). Contemporaneously with their motion to stay, defendants filed a motion for judgment on the pleadings. (Doc. 29).

After receiving defendants' motion, plaintiff's counsel contacted defendants regarding amending the complaint in lieu of filing a response to the motion. Defense counsel advised plaintiff that a motion to amend would be opposed as untimely. Plaintiff filed a motion to amend on November 12, 2018. (Doc. 30). Plaintiff filed a second motion to amend on November 16, 2018. (Doc. 31).[2] Defendants filed a response to plaintiff's motion to amend and also moved to clarify some of the facts that defendants claim are misstated in plaintiff's motion.[3] (Doc. 32).

Defendants have moved for an extension of the dipositive motion deadline until the court has ruled on the pending motions. (Doc. 34). Plaintiff does not oppose the motion.

## II. Legal Standard

A district court should freely give leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014).

---

[2] The second motion for leave to amend appears to be identical to the first motion filed. *See* Docs. 30, 31.

[3] Specifically, defendants claim that plaintiff misstates the number of attempts made to reach defense counsel before she responded that she would oppose the motion to amend. (Doc. 32 at 2). Defendants also seek to clarify that the basis for objecting to the motion to amend is not only its untimeliness, but also because of the amount of time that elapsed between the date on which plaintiff knew defendants intended to file a motion for judgment on the pleadings and the date on which plaintiff ultimately moved to amend. *Id.* at 2–3.

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). The grant or denial of a request to amend is discretionary. *Id.* A plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Id*.

### III. Discussion

Defendants argue that plaintiff's request to amend should be denied as untimely. Further, defendants contend that plaintiff should not be permitted to use the Federal Rules to inject a belated proposed amendment in an effort to avoid defendant's dispositive motion on the merits. The deadline for amending pleadings under the scheduling order was August 28, 2018. *See* Doc. 24. It is undisputed that plaintiff missed this deadline. However, under Rule 16, modification of scheduling order deadlines may be granted upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(1); *see also Sosa v. Airprint Sys*., 133 F.3d 1417, 1418 n. 2 (1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused.").

Plaintiff argues that defendants objected to all discovery efforts by plaintiff during the time allowed for amendment. Rather than filing motions to compel, plaintiff sought to resolve the matters directly with defendants, who indicated they intended to file a motion to stay discovery. However, for whatever reason, there was a period of delay by defendants in filing the motion to stay. Defendants maintain that plaintiff was using the system to gain

an advantage by waiting to file the motion to amend only after seeing the deficiencies in his complaint identified by defendants' motion for judgment on the pleadings. Plaintiff claims that defendants sought to gain an unfair advantage by "stringing plaintiff along" regarding the discovery. While this is a close call, the court finds that plaintiff does not appear to have delayed intentionally, but rather attempted to work with counsel in an effort to resolve the discovery issues. Thus, the court concludes plaintiff has shown good cause for the court to allow an untimely amendment of his complaint.

The court further observes that this is plaintiff's first request for amendment, and resolution on the merits supports allowing amendment. Given Rule 15's dictate that amendments be "freely given," *see* Fed. R. Civ. P. 15(a)(2), leave to amend is warranted under these circumstances.

Defendants argue that plaintiff was dilatory in waiting until after the motion for judgment on the pleadings had been filed before seeking to amend, but defendants do not contend or otherwise demonstrate undue delay, repeated failure to cure deficiencies, or prejudice. In fact, defendants seek their own extension of time related to the dispositive deadline which would necessarily affect and require extension of other case management deadlines. Thus, defendants cannot demonstrate that any delay has been prejudicial.

Accordingly, for the reasons set forth above, it is

**ORDERED** that plaintiff's motion for leave to amend complaint or, in the alternative, to strike (Doc. 30) is **GRANTED** to the extent that plaintiff may file an amended complaint as a separate docket entry within seven days of the date of this order. Defendants shall file their response within 14 days of the date on which the amended

5

complaint is filed. Plaintiff's second motion for leave to amend (Doc. 31) is **DENIED** as moot. It is further

**ORDERED** defendants' motion to stay discovery pending resolution of the dispositive immunity issue (Doc. 28) is **DENIED.** The parties are directed to proceed with discovery. It is further

**ORDERED** that defendants' motion for judgment on the pleadings (Doc. 29) is **DENIED** without prejudice, and defendant's motion to clarify (Doc. 32) is **DENIED**.[4] It is further

**ORDERED** that defendants' unopposed motion to extend deadline to file dispositive motions (Doc. 34) is **GRANTED**. The court will enter an amended scheduling order with new deadlines.

Done, on this the 23rd day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

---

[4] Defendants' pleading appears to be a response in opposition to the plaintiff's motion to amend, rather than a motion seeking affirmative relief. But, to the extent that defendants have labeled their pleading a motion to clarify, the motion is denied insofar as it requests "correction" of plaintiff's pleading. The court has reviewed all the pleadings and taken into consideration both sides' arguments in rendering its decision.